NOT FOR PUBLICATION                                                                    CLOSE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NATALIE LEVINE, DAVID LEVINE, Husband & Wife, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | **OPINION** <br><br><br> Civ. No. 15-6830 (WHW)(CLW) |

**Walls, Senior District Judge**

In this motor vehicle accident case, Plaintiffs Natalie and David Levine bring claims against the United States for negligence and loss of consortium arising out of a collision between a vehicle driven by Natalie Levine and a United States Postal Service vehicle. The United States moves to dismiss for lack of subject matter jurisdiction because Plaintiffs did not satisfy the Federal Tort Claims Act's administrative presentment requirement before bringing this action. Decided without oral argument under Fed. R. Civ. P. 78, Defendant's motion is granted.

## BACKGROUND

For the purposes of this opinion, the Court assumes the truth of the following allegations in the complaint. ECF No. 1. Plaintiffs Natalie and David Levine are married and reside in Fort Lee, New Jersey. *Id.* at 1. On or about November 20, 2013, Natalie Levine was driving a motor vehicle traveling eastbound on Cedar Street in Fort Lee, New Jersey. *Id.* ¶ 2. A United States Postal Service ("USPS") vehicle driven by Jian Ju Mu ("Mu"), a USPS employee, was traveling northbound at the intersection of Federspiel Street and Cedar Street in Fort Lee when it "struck, crashed into, or collided with" Ms. Levine's vehicle. *Id.* ¶¶ 2-3. As a result of the collision,

1

Natalie Levine suffered "serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered by [her] daily routine." *Id.* ¶ 6.

"On or about December 2014," Plaintiffs filed suit against Mu in New Jersey state court. Declaration James C. DeZao in Opp. Def. Mot. Dismiss, ECF No. 14-1 ¶ 3. At the time, Plaintiffs did not know that Mu was a USPS employee because he allegedly drove a "pedestrian car and wore pedestrian clothing" at the time of the accident, but Plaintiffs' attorney "suspected" that he was a USPS employee. *Id.* ¶¶ 4-5.

On September 14, 2015, Plaintiffs filed a three-count complaint in this Court against the USPS, Mu, and the unspecified Defendants John Doe 1-5, Mary Doe 1-5, and/or Doe Corporation 1-5. ECF No. 1. In Count One, Plaintiff Natalie Levine brought a claim against all Defendants for negligence. *Id.* ¶¶ 4-6. In Count Two, Plaintiff David Levine brought a claim for damages *per quod* for loss of the services, consortium, and companionship of Natalie Levine. *Id.* ¶¶ 7-9. In Count Three, Plaintiffs alleged that the USPS was liable for damages arising from the actions of Defendant Mu under the theory of *respondiat superior* because Mu was acting within the scope of his employment at the time of the accident. *Id.* ¶¶ 10-15.

On February 26, 2016, Plaintiffs sent Marielena Piriz, an Assistant United States Attorney in the District of New Jersey, (a) a copy of an unsigned, undated Standard Form 95 ("SF-95") administrative complaint outlining Natalie Levine's claim; (b) a letter from Plaintiffs' counsel James C. DeZao, dated February 20, 2014, purporting to include three copies of the SF-95 and marked for transmission "Via Certified & Regular Mail" and facsimile; and (c) a letter from James DeZao, also dated February 20, 2014 and marked for transmission via regular mail,

certified mail, and facsimile, purporting to include a copy of a police report regarding Natalie Levine's accident. Def. Mot. Dismiss Ex. A, ECF No. 10-3.

On April 15, the Court dismissed the complaint as to Defendants Mu and the USPS and substituted the United States as the sole Defendant. ECF No. 9.

The United States now moves to dismiss the complaint for lack of subject matter jurisdiction. ECF No. 10. According to Defendant, Plaintiffs' action is governed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq.*, which requires plaintiffs to provide the federal agency that is the subject of their tort claims with administrative notice of the claims before filing an action in federal district court. ECF No. 10 at 1. Defendant claims that Plaintiffs did not do so in this case. Plaintiffs filed a brief in opposition to Defendant's motion to dismiss on May 23, 2016, ECF No. 14, and Defendant filed a letter brief in further support of its motion on May 25, 2016. ECF No. 15.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts have limited jurisdiction and are permitted to adjudicate cases and controversies only as permitted under Article III of the Constitution." *Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 429 (D.N.J. 1999) (citing U.S. Const. art. III, § 2; cases). "Unless affirmatively demonstrated, a Federal court is presumed to lack subject matter jurisdiction." *Id.* "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Hedges v. United States*,

404 F.3d 744, 750 (3d Cir. 2005) (quoting *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

A district court may treat a Rule 12(b)(1) motion as either a facial challenge or a factual challenge to the court's subject matter jurisdiction. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). On a facial challenge, the court "must only consider the allegations of the complaint and documents referenced therein and attached thereto," *id.*, and must accept the allegations of the complaint as true. *Mortenstern v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a factual challenge, the court may consider evidence outside the pleadings, *Gould Electronics*, 220 F.3d at 176, and "may not presume the truthfulness of plaintiff's allegations, but rather must 'evaluat[e] for itself the merits of [the] jurisdictional claims.'" *Hedges*, 404. F.3d at 750 (citing *Mortenstern*, 549 F.2d at 891).

Defendant United States does not just challenge the sufficiency of the pleading, but claims that Plaintiffs have failed to meet the FTCA's jurisdictional prerequisites. Evaluation of this argument requires reference to facts not alleged in the complaint, so the Court will treat this motion as a factual 12(b)(1) challenge. *See United States ex rel. Atkinson v. P.A. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (Rule 12(b)(1) challenge for failure to comply with administrative prerequisites of False Claims Act was factual challenge).

## DISCUSSION

Defendant United States argues that the complaint must be dismissed for lack of subject matter jurisdiction because plaintiffs do not allege, and cannot factually demonstrate, that they complied with the FTCA's administrative presentment requirement. The Court agrees.

"As a sovereign, the United States is immune from suit unless it consents to be sued." *White-Squire v. U.S. Postal Service*, 592 F.3d 453, 456 (3d Cir. 2010) (citing *United States v.*

*Mitchell*, 445 U.S. 535, 538 (1980)). The FTCA operates as a limited waiver of the United States' sovereign immunity. *Id.* (citing *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003)). Among other things, the FTCA allows individuals to bring civil actions in federal district court against the United States for:

> money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Id.* (quoting 28 U.S.C. § 1346(b)(1)).

"Because the [FTCA] constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed." *Id.* (quoting *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989)). One procedural requirement is that an:

> action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligence or wrongful act or omission of any employee . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). This "presentment" requirement is "jurisdictional and cannot be waived," *White-Squire*, 592 F.3d at 458 (quoting *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)), and it applies to both direct claims by tort victims and claims for loss of consortium or services by the spouses of tort victims. *White-Squire v. U.S. Postal Service*, 2009 WL 313338, at *7 (D.N.J. Feb. 6, 2009), *aff'd* 592 F.3d 453 (2010) (citing *Nazzaro v. United States*, 304 F. Supp. 2d 605, 622 (D.N.J. 2004); *Kieffer v. Vilk*, 8 F. Supp. 2d 387, 397 (D.N.J. 1998)).

A tort claim brought under the FTCA "shall be forever barred unless it was presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. §

2401(b). To meet the presentment requirement, a claimant submits an SF-95, which outlines the details of the claim and alleged damages, to the relevant federal agency. 28 C.F.R. § 14.2. The claim "shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident . . . ." *Id.* Two terms here are significant: the claim must be "executed" and "presented."

It appears that an SF-95 must be properly signed and dated to be validly "executed." *See Bialowas*, 443 F.2d at 1049-50 (holding that an unsigned, undated SF-95 that did not specify the amount of plaintiff's claim failed to meet the timely presentment requirement); *Acheampong v. United States*, 2002 WL 32130108, at *2 (E.D. Pa. Oct. 16, 2002) (granting summary judgment in favor of defendant for lack of subject matter jurisdiction where plaintiff failed to prove that government agency had received a copy of his FTCA complaint, and holding that a "copy of an unsigned SF-95, standing alone, is legally insufficient proof of [an agency's] alleged receipt" of an FTCA claim).

"[T]he term 'presented' in the filing of an administrative claim means more than merely mailing the claim." *Lightfoot v. United States*, 564 F.3d 625, 628 (3d Cir. 2009). Instead, "a plaintiff must demonstrate that the Federal agency was in *actual receipt* of the claim . . . ." *Id.* (emphasis added); *see also Medina v. City of Philadelphia*, 219 Fed App'x 169, 173-74 (3d Cir. 2007) (holding that "a plaintiff must demonstrate that the appropriate federal agency actually *received* the claim" and affirming dismissal of a tort claim brought under the FTCA for lack of subject matter jurisdiction where employees of United States Department of Housing and Urban Development ("HUD") submitted declarations stating that HUD had no record of receiving an administrative claim submitted by plaintiff, despite sworn affidavit of plaintiff's counsel stating that he had sent HUD an SF-95) (emphasis in original).

In this case, Defendant United States correctly observes that Plaintiffs do not allege in the complaint that they presented the USPS with an executed SF-95 before bringing an action in this Court. ECF No. 10 at 6. Addressing Defendant's "factual" challenge, the Court looks beyond the pleadings to determine whether Plaintiffs demonstrate subject matter jurisdiction. *Gould Electronics*, 220 F.3d at 176. To that end, Plaintiffs acknowledge in their opposition brief that the USPS did not receive a validly executed SF-95 outlining both of their claims until February 2016, several months after they filed the copmlaint, ECF No. 14 at 2, but argue that equitable interests weigh in favor of denying Defendant's motion because (a) Mu and the USPS had "actual notice" of the claims against them by the time Plaintiffs commenced this action and (b) the "underlying policy goals" of the FTCA have already been served. *Id*. at 2-5.

### I. The SF-95 does not give notice of David Levine's claim.

As an initial matter, the SF-95 and the two accompanying letters provided to Defendant in February 2016 list Natalie Levine as the sole claimant and make no mention of David Levine's alleged loss of consortium and services. *Id* at 2-5; *see* ECF No. 10-3. It follows that the SF-95 is not a presentment of David Levine's claim sufficient to give the Court subject matter jurisdiction of Count Two of the complaint under the FTCA. *See Kieffer*, 8 F. Supp. 2d at 397 (dismissing spouse's loss of consortium claim because letter allegedly submitted to USPS by direct tort victim "made no mention of the claim by [tort victim's spouse] and therefore did not put the Postal Service on notice of his claim"); *Gland v. United States*, 2003 WL 23094911, at *2 (E.D. Pa. Dec. 16, 2003) (Dismissing claims brought by surviving spouse "in her own right" where SF-95 only mentioned a cause of action for the death of her husband, and holding that, "[w]here multiple claims are asserted on a single claim form, the form must give 'constructive notice' of each additional claim, or else the extra claims will later be dismissed for failure to

7

exhaust; 'constructive notice' is notice sufficient to warrant investigation.") (citing *Dondero v. United States*, 775 F. Supp. 144, 148 (D. Del. 1991)). Even if Plaintiffs could demonstrate that the SF-95 and accompanying letters were received by Defendant on or about February 20, 2014, when the letters are dated, *see* ECF No. 10-3 at 3, 6, none of these documents would have given Defendant "notice sufficient to warrant investigation" of David Levine's loss of consortium claim because none of the documents mention David Levine or his claim.

## II. The SF-95 is not properly executed by either Plaintiff.

Additionally, because the SF-95 is not signed or dated, *see id.* at 4, it is not an "executed" SF-95 as required by 28 C.F.R. § 14.2. *See Bialowas*, 443 F.2d at 1049-50; *Acheampong*, 2002 WL 32130108, at *2. As such, the Form does not comply with 28 C.F.R. § 14.2's presentment requirements for the claims of either David or Natalie Levine, and the Court does not have subject matter jurisdiction over the claims.

## III. Plaintiffs do not demonstrate that the USPS received the SF-95.

Even if the SF-95 were properly executed and did include David Levine's claim, Plaintiffs also fail to meet their burden to demonstrate that the USPS was in "actual receipt" of the Form. *Lightfoot*, 564 F.3d at 628. The Third Circuit has held, non-precedentially, that "proof of receipt can easily be obtained by sending a claim by certified mail or by registered mail, or by obtaining acknowledgment of receipt from the agency itself." *Medina*, 219 Fed App'x at 172-73. Plaintiffs did none of these things. Although the headings on DeZao's February 20, 2014 letters indicate that they were intended for delivery "Via Certified & Regular Mail," ECF No. 10-3, Plaintiffs state that, "[t]o the best of [DeZao's] knowledge," a former employee in his office sent the documents "by regular mail" only. ECF No. 14 at 2. Plaintiffs do not provide an acknowledgment of receipt of any of the documents from the USPS, and they do not demonstrate

that DeZao or his employee *actually* delivered the letters. In any event, simply delivering letters by regular mail, and not certified mail, is not enough to establish proof of receipt. *Medina*, 219 Fed App'x at 172-73.

In support of its motion to dismiss, the United States submits a sworn declaration from Kimberly A. Herbst, a Tort Claims Examiner/Adjudicator with the USPS National Tort Center, St. Louis General Law Office, stating that the USPS has no record of receiving any claims from "Natalie *Levin* and/or David Levine." ECF No. 10-4 ¶¶ 4, 6 (emphasis added). This demonstrates that the USPS did not receive a notice of claim from David Levine, *see Medina*, 219 Fed App'x at 173-74 (affirming dismissal of claim against HUD for lack of subject matter jurisdiction where HUD submitted sworn declaration stating it had not received SF-95 allegedly sent by plaintiff), but it does not demonstrate that the USPS did not receive a notice of claim from Natalie *Levine*.[1]

Defendant does not bear the burden of persuasion here, though. Plaintiffs bear the burden of demonstrating that subject matter jurisdiction is proper, *Hedges*, 404 F.3d at 750, and they have failed to meet their burden to prove both that the SF-95 was properly executed and that it was ever presented to the USPS.

IV.  **Equitable interests do not require denying Defendant's motion.**

Plaintiffs appear to concede that they cannot prove Defendant received a copy of their SF-95, and they acknowledge that merely putting a copy of the SF-95 in the mail is not enough to effectuate service. ECF No. 14 at 4. Plaintiffs argue, however, that the Court should deny Defendant's motion to dismiss because (a) Mu and the USPS had actual notice of Plaintiffs'

---

[1] The Court recognizes that the use of "Natalie Levin" instead of "Natalie Levine" in Herbst's declaration may simply be a typographical error. If the same error were made during the USPS's search for records, however, the search would only demonstrate that the USPS had not received an SF-95 from anyone named "Natalie Levin," not that the USPS had not received an SF-95 from the Plaintiff in this case.

claims by the time they brought this action, and (b) the "underlying policy goals" of the FTCA favor allowing Plaintiffs' action. The Court disagrees.

Plaintiffs first argue that compliance with the presentment requirement is unnecessary because Mu, the USPS, and the United States all received "actual notice" of the claims against them when Plaintiffs filed suit against Mu in state court in December 2014. ECF No. 14 at 2-3. Plaintiffs claim that they "effectively sued" the United States "through its employee," even though (a) they did not know Mu was a USPS employee at the time and sued him as in his personal capacity, and (b) Mu "failed to turn the [state court] claim over to" the United States and "never notif[ied]" the United States of the claim. ECF No. 14 at 2-4. Plaintiffs also claim that the USPS had "actual notice of the accident that forms the basis of this lawsuit," as demonstrated by a PS Form 1769/301 Accident Report regarding the accident completed by the USPS. ECF No. 14 at 3; Accident Report, Decl. James C. DeZao Ex. B, ECF No. 14-3.

As an initial matter, notice of an accident underlying a claim is not the same as notice of the claim itself. *See, e.g., Bruno v. United States Postal Service*, 264 Fed App'x 248, 249 (3d Cir. 2008) (letter giving notice that Plaintiff had suffered injuries did not meet presentment requirement where letter did not include damages amount).

More importantly, even assuming that a complaint against *Mu*, in his capacity as a private citizen and not as a federal employee, was enough to give the *United States* actual notice of Plaintiffs' claims, Plaintiffs provide no support for the argument that actual notice alone is enough to meet the FTCA's presentment requirement.[2] Plaintiffs refer to *Brunson v. United*

---

[2] Plaintiffs also argue that the United States should be estopped from arguing that Plaintiffs did not meet the administrative presentment requirement because it failed to do so in Plaintiffs' state court action against Mu. ECF No. 14 at 4-5. Again, though, Plaintiffs sued Mu in state court as a private citizen, and they acknowledge that Mu did not provide the United States with notice of the action. *Id.* at 2-4. Defendant will not be estopped from making an argument about the FTCA

10

*States*, where the Eastern District of Pennsylvania found that a state court complaint provided the defendant United States with "clear and actual notice" of "the precise survival and wrongful death claims" the United States eventually sought to dismiss for failure to meet the presentment requirement. 2010 WL 4158930, at *5 (E.D. Pa. Oct. 22, 2010). But the plaintiffs in *Brunson* had already provided the United States with an SF-95 that "clearly set[ ] forth" their basic claims. *Id.* In that case, the United States "specifically requested additional information as follow up to the Plaintiff's SF 95, and received in response, among other information, the Plaintiff's state complaint." *Id.*

In this case, the United States does not claim that it received an insufficiently detailed SF-95 from Plaintiffs, but that it did not receive an SF-95 at all. Allowing plaintiffs to satisfy the FTCA's administrative presentment requirement simply by serving defendants with a copy of their complaint – something they must do in *any* civil case – would render the administrative presentment requirement essentially meaningless. Plaintiffs' state court complaint, alone, does not comply with the "strictly construed" presentment procedures of the FTCA, *White-Squire*, 592 F.3d at 456, and "[n]o exceptions to the filing requirement are to be implied from the FTCA." *Brunson*, 2003 WL 23094911, at *2.

Plaintiffs also argue that the "interests of justice" favor denying Defendant's motion to dismiss because the underlying policy goals of the FTCA are to "ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." ECF No. 14 at 3 (quoting *Leaty v. United States*, 748 F. Supp. 268, 271 (D.N.J. 1990)). Plaintiffs claim that allowing their action

---

because it did not make the argument in a separate action (a) that did not involve the FTCA, (b) to which it was not a party, and (c) of which it received no notice.

would serve these interests. The Court does not deny that the United States could attempt to settle Plaintiffs' claims at this point, now that has been served with a complaint and an SF-95 outlining Natalie Levine's claim. But Plaintiffs do not explain how bypassing the FTCA's presentment requirement and moving directly to litigation "ease[s] court congestion and avoid[s] unnecessary litigation." *Id.* Indeed, it appears to do just the opposite. Equitable interests weigh in favor of requiring strict compliance with the FTCA's administrative presentment requirement.

Plaintiffs' "equitable" arguments essentially amount to a request that the presentment requirement be waived because the United States now has notice of their claims. But the requirement is "jurisdictional and cannot be waived." *White-Squire*, 592 F.3d at 458. The Court must dismiss this action for lack of subject matter jurisdiction.

### V. Plaintiffs can no longer submit present a timely SF-95, so dismissal is with prejudice.

To repeat, a plaintiff must present her FTCA claim "in writing to the appropriate Federal agency within two years after such claim accrues" or be "forever barred" from bringing the claim. 28 U.S.C. § 2401(b). "The determination of when a claim accrues for the purposes of the FTCA is a question of federal law." *Zeleznik v. United States*, 770 F.2d 20, 22 (3d Cir. 1985) (citing *Tyminski v. United States*, 481 F.2d 257, 262-63 (3d Cir. 1973)). For tort actions, "a claim accrues when the injured party learns of the injury and its immediate cause." *Id.* at 23.

According to the complaint, Natalie Levine's motor vehicle accident occurred on November 20, 2013, ECF No. 1 ¶ 2, giving rise to Plaintiffs' causes of action. Plaintiffs filed their complaint on September 14, 2015, less than two years later, but they did not provide

Defendant with an SF-95 until February 2016.[3] Because more than two years passed between the accrual of Plaintiffs' claims and February 2016, they are now "forever barred" from bringing the claims. *See Medina*, 219 Fed App'x at 169 (noting that, because Plaintiff filed her complaint "on the last day of the two year statute of limitations set forth by 28 U.S.C. § 2401(b), any attempt to present her administrative claim to HUD after that date would have been untimely"); *Johnson v. New Jersey Door Works, Inc.*, 2014 WL 585411, at *2-3 (D.N.J. Feb. 14, 2014) (dismissing FTCA claim for lack of subject matter jurisdiction where claim accrued on July 15, 2010 and plaintiff filed complaint on July 13, 2012 – within the two year limitations period – but did not present the relevant agency with a SF-95 until July 17, 2012, outside of the limitations period). The Court dismisses the complaint with prejudice.

## CONCLUSION

Plaintiffs fail to demonstrate that they presented the USPS with a timely, executed SF-95 outlining their claims, so the court lacks subject matter jurisdiction over Plaintiffs' claims. Defendant's motion is granted, and the complaint is dismissed with prejudice. An appropriate order follows.

DATE: 8 June 2016

William H. Walls
Senior United States District Court Judge

---

[3] To repeat, this SF-95 is still unsigned, undated, and does not include Plaintiff David Levine's claim.