NOT FOR PUBLICATION                                                      CLOSE

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NATALIE LEVINE, DAVID LEVINE, Husband & Wife,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | : : : : : : : : : : : | **OPINION AND ORDER**<br><br><br>Civ. No. 15-6830 (WHW)(CLW) |

**Walls, Senior District Judge**

In this motor vehicle accident case, Plaintiffs Natalie and David Levine bring claims against the United States for negligence and loss of consortium arising out of a collision between a vehicle driven by Natalie Levine and a United States Postal Service vehicle. On June 8, 2016, the Court dismissed all claims with prejudice for lack of jurisdiction because Plaintiffs failed to comply with the administrative presentment requirement of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). ECF No. 17. Plaintiffs now move for reconsideration, arguing that the complaint should be dismissed *without* prejudice. The United States does not oppose this motion. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is granted.

## BACKGROUND

The procedural and factual history of this case is detailed in the Court's opinion dismissing Plaintiff's complaint with prejudice and incorporated here. ECF No. 16. In brief, Plaintiffs Natalie and David Levine are married and reside in Fort Lee, New Jersey. ECF No. 1 ¶ 1. On or about November 20, 2013, Natalie Levine was driving a motor vehicle in Fort Lee when

her vehicle was allegedly struck by a United States Postal Service ("USPS") vehicle driven by Jian Ju Mu ("Mu"), a USPS employee. *Id.* ¶¶ 2-3.

In December 2014, Plaintiffs, who did not yet know that Mu was a USPS employee, filed an action against him in New Jersey State Court. Declaration James C. DeZao in Opp. Def. Mot. Dismiss, ECF No. 14-1 ¶¶ 3-5. On September 14, 2015, Plaintiffs filed a three-count complaint in this Court against the USPS, Mu, and the unspecified Defendants John Doe 1-5, Mary Doe 1-5, and/or Doe Corporation 1-5. ECF No. 1. In Count One, Plaintiff Natalie Levine brought a claim against all Defendants for negligence. *Id.* ¶¶ 4-6. In Count Two, Plaintiff David Levine brought a claim for damages *per quod* for loss of the services, consortium, and companionship of Natalie Levine. *Id.* ¶¶ 7-9. In Count Three, Plaintiffs alleged that the USPS was liable for damages arising from the actions of Defendant Mu under the theory of *respondiat superior* because Mu was acting within the scope of his employment at the time of the accident. *Id.* ¶¶ 10-15. On April 15, the Court dismissed the complaint as to Defendants Mu and the USPS and substituted the United States as the sole Defendant. ECF No. 9.

On June 8, 2016, the Court granted the United States' motion to dismiss the complaint in its entirety for lack of jurisdiction, ECF No. 10, holding that Plaintiffs failed to meet their burden, under the FTCA's administrative presentment requirement, to demonstrate that they had presented the USPS with an executed Standard Form 95 detailing their claims and alleged damages before filing suit in federal court. *See* ECF No. 16 at 4-12 (citing 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2). The Court dismissed the action with prejudice, citing 28 U.S.C. § 2401(b)'s requirement that a Plaintiff present her administrative claim "in writing to the appropriate Federal agency within two years after such claim accrues" or be "forever barred" from bringing the claim. *Id.* at 12-13.

On June 21, 2016, Plaintiffs filed a motion for reconsideration of the Court's dismissal, arguing that the Court should have dismissed the matter *without* prejudice. P. Mot. Reconsideration, ECF No. 18. Plaintiffs argue that the Westfall Act, an amendment to the FTCA, contains a "savings clause" that permits some Plaintiffs whose "action or proceeding in which the United States is substituted as the party defendant" is "dismissed for failure to first present a claim pursuant to section 2675(a)" to meet the administrative presentment requirement by filing a claim with the relevant federal agency after dismissal. *Id.* at 2. On June 29, 2016, the United States submitted a letter indicating that it agrees with Plaintiffs' position. ECF No. 19.

## LEGAL STANDARD

Local Civil Rule 7.1(i) allows a party to file a motion for reconsideration within 14 days after the entry of a judgment and directs the party seeking reconsideration to submit "a brief setting forth the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i) (as amended by Order of Chief Judge Garrett E. Brown, March 1, 2010). The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised before the entry of judgment. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Guitierez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (quoting *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990)). Such

motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

Because reconsideration of a judgment after entry is an extraordinary remedy, requests under these rules are to be granted "sparingly," and only when "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 608-09 (D.N.J. 2003); *see also NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996); *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

## ANALYSIS

Plaintiffs move for reconsideration of the Court's dismissal of their complaint with prejudice, arguing, essentially, that the Court made a "clear error of law" in its decision to dismiss the matter *with* prejudice. *North River Ins. Co.*, 52 F.3d at 1218. The Court agrees.

"[I]n a 1988 amendment to the FTCA, the Westfall Act, 28 U.S.C. §§ 2671 *et seq.*, Congress established a procedure for a claimant to follow if she initially files a FTCA claim in the wrong forum." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009). The Westfall Act "includes a clause that saves from being barred by the statute of limitations certain timely claims filed in the wrong forum, such as in state or a federal court rather than with the appropriate administrative agency." *Id.* The savings clause provides:

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if – (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and

4

>   (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(5).

The Westfall Act's savings clause applies here. First, this matter is "an action or proceeding in which the United States is substituted as the party defendant." *Id*. To repeat, Plaintiffs initially brought this action against Defendants Mu and the USPS. *See* ECF No. 1. On April 15, 2016, Magistrate Judge Cathy L. Waldor signed an order dismissing the complaint as to Mu and the USPS and substituting the United States as the sole Defendant. ECF No. 9.

Second, this matter was "dismissed for failure first to present a claim pursuant to section 2675(a)." 28 U.S.C. § 2679(5). As discussed in the Court's opinion dismissing the complaint, the FTCA provides that a plaintiff may not assert a "claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" unless he has "first presented the claim to the appropriate Federal agency and his claim [has] been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a); *see also* 28 C.F.R. § 14.2 (under 28 U.S.C. § 2675(a), "a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death . . . ."). Plaintiffs did not submit an executed Standard Form 95 outlining their claims to the USPS before bringing actions in state or federal court. The Court properly dismissed the complaint under 28 U.S.C. § 2675(a). *See* ECF No. 16 at 4-12.

It follows that, under the Westfall Act's savings clause, Plaintiffs may still satisfy the FTCA's administrative presentment requirement if (a) their administrative claim "would have

5

been timely had it been filed on the date the underlying civil action was commenced," and (b) they present their claim to the "appropriate Federal agency within 60 days after dismissal of the civil action." 28 U.S.C. § 2679(5).

Claims must be presented to the appropriate federal agency "within two years after such claim accrues" to be considered timely. 28 U.S.C. § 2401(b). As the Court explained in its opinion dismissing the complaint, Plaintiffs' claims accrued on November 20, 2013, and Plaintiffs filed their complaint in this Court – the "underlying civil action" – on September 14, 2015, less than two years later. ECF No. 16 at 12. Had Plaintiffs presented the USPS with an executed Standard Form 95 on this same date, their claim would have been timely.

Plaintiffs now have 60 days from the Court's June 8, 2016 dismissal of their civil action to present their administrative claims to the USPS. 28 U.S.C. § 2679(5). If Plaintiffs do so, and if their claims are "finally denied by the agency in writing and sent by certified or registered mail," 28 U.S.C. § 2675(a), Plaintiffs may again file a complaint in this Court. It follows that the Court made a clear error of law in dismissing the complaint *with* prejudice.

## CONCLUSION AND ORDER

This matter having come before the Court on Plaintiffs' motion for reconsideration, ECF No. 18, of the Court's Jun 8, 2016 dismissal of the complaint with prejudice, ECF No. 17, it is hereby ORDERED that Plaintiffs' motion is granted:

And it is further ORDERED that the Court's order, ECF No. 17, is amended to dismiss this action *without* prejudice.

DATE: 6 July 2016

William H. Walls
Senior United States District Court Judge