NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATALIE LEVINE, DAVID LEVINE, Husband & Wife, | |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| UNITED STATES OF AMERICA, | Civ. No. 15-6830 (WHW)(CLW) |
| Defendant. | |

**Walls, Senior District Judge**

The Court is in receipt of Plaintiff Natalie Levine's request for permission to file a motion to reinstate her complaint against the United State of America for negligence and loss of consortium arising out of a collision between a vehicle driven by Natalie Levine and a United States Postal Service vehicle. ECF No. 21. On June 8, 2016, the Court dismissed Plaintiffs, Natalie and David Levine's, claims with prejudice for lack of jurisdiction because Plaintiffs failed to comply with the administrative presentment requirement of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). ECF No. 17. Plaintiffs then moved for reconsideration of the dismissal with prejudice, ECF No. 18, which the Court granted on July 6, 2016. ECF No. 20.

In the Court's Opinion and Order granting Plaintiffs' motion for reconsideration, the Court recognized that Plaintiffs could refile a complaint in this Court if Plaintiffs properly presented their administrative claims to the USPS within 60 days from the dismissal of their action and Plaintiffs' claims were denied. *Id.* at 6. Plaintiff Natalie Levine now states that she timely filed an administrative claim against the USPS and that her claim was denied because six months elapsed without her receiving a response from the agency. ECF No. 21 at 1.

1

"The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim . . . ." 28 U.S.C. § 2675(a); *see also Walker v. United States*, 616 F. App'x 497, 499 (3d Cir. 2015) (An agency "finally denie[s]" an administrative claim "either when the agency denies a claim in writing or when it fails to issue a decision within six months."). While the Government does not dispute that Ms. Levine has now properly exhausted her administrative remedies, it argues that reinstatement of her complaint is not the correct remedy because it "would not cure the jurisdictional defect." ECF No 22 at 2. Instead, the Government argues that Ms. Levine must "file a separate action that names the United States as a defendant in order to present her claims to the Court." *Id.* at 3.

The Supreme Court has interpreted the FTCA to "require complete exhaustion of Executive remedies before the invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, 112 (1993). Citing *McNeil*, the Third Circuit affirmed a district court's dismissal of an amended complaint that attempted to assert a properly exhausted FTCA claim because plaintiff had initially filed suit before exhausting his administrative remedies. *Hoffenberg v. Provost*, 154 F. App'x 307, 310 (3d Cir. 2005). The *Hoffenberg* Court rejected Plaintiff's argument that amending his complaint in the original case was akin to refiling his suit, noting that amending the complaint did not cure the jurisdictional defect because the date of the amended complaint could not "serve as the date the federal suit was instituted." *Id.* (citing *McNeil*, 508 U.S. at 111–12). It follows that courts have required plaintiffs to file new lawsuits to cure the jurisdictional defect created when FTCA suits are filed before the exhaustion requirement has been met. *See, e.g., Sparrow v. United States Postal Service*, 825 F. Supp. 252, 255 (9th Cir.1993) ("Because § 2675(a) of the FTCA requires that an administrative claim be finalized at the time the complaint is filed, plaintiff's complaint cannot be cured through amendment, but instead, plaintiff must file a new suit"); *Germano v. United States*, No. 2:14-CV-06330, 2015 WL 4138997, at *7 (D.N.J. July 9, 2015) (plaintiff who prematurely filed

NOT FOR PUBLICATION

lawsuit before final denial of tort claim could not "cure this defect by filing an amended complaint" but instead "must file a new FTCA suit"); *Kelly v. Sapko*, No. 03-368, 2006 WL 2380768, at *6 (W.D. Pa. Aug. 16, 2006) (holding that plaintiff could not revive an FTCA claim dismissed for failure to exhaust by filing an amended complaint after agency denied administrative tort claim).

Because reinstating Plaintiff's complaint will not cure the jurisdictional defect which resulted in its dismissal, it is hereby ORDERED that Plaintiff's request for permission to file a motion to reinstate her complaint, ECF No. 21, is denied.

DATE: 17 January 2019

William H. Walls
Senior United States District Court Judge